

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-11-00185-CR

MELISSA CROCKETT                                                          APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

----------

## FROM COUNTY CRIMINAL COURT NO. 2 OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

A jury convicted Appellant Melissa Crockett of driving while intoxicated (DWI), and the trial court sentenced her to 180 days' confinement. The trial court suspended imposition of the sentence for twenty months, placing Appellant on community supervision. Appellant brings two points, arguing that the trial court abused its discretion by excluding her exhibits 7A and 7B. Because the trial court's abuse of discretion was harmless, we affirm the trial court's judgment.

---

[1]*See* Tex. R. App. P. 47.4.

On December 31, 2009, Lewisville Police Officer Jon Martinez made a traffic stop of Appellant after another driver called 911 and reported that Appellant was driving erratically. Martinez asked Appellant if she had any medical conditions, and Appellant stated that she was undergoing hormonal therapy. After conducting field sobriety tests, Martinez arrested Appellant for DWI. Appellant agreed to take a breath test and registered .149 and .142.

At trial, Appellant testified that she had not been intoxicated. She testified that she had gone to a restaurant that evening for dinner and that while there, she had three glasses of wine and a margarita, plus a sip of champagne, over the course of about four hours.

Appellant testified that she had hypothyroidism and also testified about her symptoms and treatment. She stated that she was undergoing hormone therapy as part of her treatment. She also testified that her hypothyroidism caused her to be fatigued, unable to concentrate, and to have brain fog. She further testified that she realized that her medication was not effective on the date of her arrest when she found that she could not see while driving home on I-35 after leaving the restaurant.

The trial court sustained the State's objections to two medical records exhibits that Appellant sought to admit. The first, Exhibit 7A, includes two pages. The first page is a copy of a prescription, dated February 19, 2010, for thyroid medication, and on the page is a handwritten doctor's note stating, "Please have patient call office ASAP. She is overdue for thyroid testing." The second page is a refill request for Appellant's thyroid medication, dated January 15, 2010. Exhibit 7B contains

2

thirty-five pages of medical records, including refill authorization requests, doctor's notes, lab test confirmations, and lab evaluations, although, as the State points out, only the first page of 7B, a refill authorization request and signed prescription, was represented by defense counsel as 7B when it was admitted for record purposes.

The State argues that the exhibits were not admissible because they were not relevant. The State argues alternatively that even if the records were admissible, Appellant's testimony nevertheless essentially encompassed the evidence that she was attempting to place before the jury in the form of her exhibits, rendering any error in refusing to admit the records harmless. Appellant argues that the excluded exhibits were relevant because they explained her apparent intoxication and also argues that that they supported and lent credibility to her testimony explaining her physical condition on the night that she was arrested.

We review a trial court's decision to admit evidence under an abuse-of-discretion standard.[2] Under this standard, if the trial court's ruling was within the zone of reasonable disagreement, we will not disturb the ruling.[3] The medical records were relevant because they to some degree supported Appellant's defensive theory. Appellant's medical records dealt with the hypothyroidism diagnosis and treatment and were accompanied by a proper affidavit in compliance

---

[2]*Shuffield v. State*, 189 S.W.3d 782, 793 (Tex. Crim. App.), *cert. denied*, 549 U.S. 1056 (2006).

[3]*Bigon v. State,* 252 S.W.3d 360, 367 (Tex. Crim. App. 2008).

with rule 803(6).[4] The records related directly to her defense. We hold that the trial court abused its discretion by excluding the medical records.

Having found error, we must conduct a harm analysis to determine whether the error calls for reversal of the judgment.[5] If the error is constitutional, we apply rule 44.2(a) and reverse unless we determine beyond a reasonable doubt that the error did not contribute to Appellant's conviction or punishment.[6] Otherwise, we apply rule 44.2(b) and disregard the error if it did not affect Appellant's substantial rights.[7]

Generally, the erroneous admission or exclusion of evidence is nonconstitutional error governed by rule 44.2(b) if the trial court's ruling merely offends the rules of evidence.[8] But in addition to her evidentiary complaint, Appellant preserved her complaint that the trial court's exclusion of the records violated her right to present a defense under the Due Process Clause of the United States Constitution. Nevertheless, the Texas Court of Criminal Appeals has held

---

[4]See Tex. R. Evid. 803(6), 902(10).

[5]Tex. R. App. P. 44.2.

[6]Tex. R. App. P. 44.2(a).

[7]Tex. R. App. P. 44.2(b); *see Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh'g), *cert. denied*, 526 U.S. 1070 (1999).

[8]*See Solomon v. State*, 49 S.W.3d 356, 365 (Tex. Crim. App. 2001); *see also Walters v. State*, 247 S.W.3d 204, 222 (Tex. Crim. App. 2007) (determining that exclusion of evidence supporting defendant's defensive theory was nonconstitutional error).

4

that "the exclusion of a defendant's evidence will be constitutional error only if the evidence forms such a vital portion of the case that exclusion effectively precludes the defendant from presenting a defense."[9]

The exclusion of the two exhibits did not prevent Appellant from presenting her defense. While it is true that her testimony was not corroborated by medical evidence as she preferred, neither was it truly contested. Additionally, she was able to testify at trial at length about her diagnosis and condition, generally and on the night in question. We therefore hold the error harmless, overrule Appellant's two points, and affirm the trial court's judgment.

LEE ANN DAUPHINOT
JUSTICE

PANEL: DAUPHINOT, GARDNER, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: June 14, 2012

---

[9]*Potier v. State*, 68 S.W.3d 657, 665 (Tex. Crim. App. 2002).